Nash,
 
 S.
 

 The action is upon a constable’s bond; and the.breach relied on was for collecting money and not paying over.
 

 •At the February Term, 1848, of Pitt County Court, the defendant, McGowan, was appointed a constabl e, and .entered into bond with the other defendants as his sureties. His official year expired at February Term, 1849. In Au- ■ gust, 1848, the relator placed in his hands a note, for which he gave a receipt, binding himself to collect or return. On. the same day, the constable obtained a judgment on the note, on' which the. magistrate granted a stay of six months, which expired during February Term, 1849. McGowan was not appointed a constable at February Term, but in
 
 *45
 
 July following, was, by the sheriff, appointed his deputy, after which he took out an execution on the judgment and collected the money. The action is brought upon the official bond of 1848. The plaintiff cannot recover. The appointment of a constable is but for one year, and the bond given by him loses its force as to any breach of duty after that period. The bond, upon which this action is brought, covered only such breaches on the part of the constable, as occurred after his appointment in February, 1848, and before February Court, 1849.
 
 Keck
 
 v Coble, 2 Dev. 489,
 
 State
 
 v Lackey, 3 Ire. 25. During that period, he received no money on the claim put in his hands for collection, nor was he guilty of any negligence. He received the note in August, 1848, and on the same day took a judgment on it, and the stay upon it ran out at February Term, 1849, when his official year expired. He subsequently did receive the money tinder an execution, not as constable, but as deputy sheriff, and as such is answerable.
 

 Per Curiam. Judgment affirmed.